UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON CRAWFORD, #691535,

                    Petitioner,

                                         CASE NO. 2:14-CV-13499

v.                                      HONORABLE GERSHWIN A. DRAIN

JEFFREY WOODS,

                    Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE [#3] AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Deon Crawford ("Petitioner") was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, felonious assault, MICH. COMP. LAWS § 750.82, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2012. He was sentenced to 25 to 50 years imprisonment on the murder conviction, time served on the felonious assault and felon in possession convictions, and a consecutive term of five years imprisonment (reduced to two years imprisonment on appeal) on the felony firearm conviction. In his current petition, he raises claims concerning the sufficiency and great weight of the evidence, the addition of the felonious assault charge, and the validity of his felony firearm sentence. The matter is before the Court on Petitioner's motion to hold his habeas petition in abeyance and stay the proceedings so that he may return to the state courts and exhaust additional issues concerning the effectiveness of trial and

appellate counsel.  For the reasons stated, the Court grants Petitioner's motion.

## II.

Petitioner's convictions arise from a shooting that resulted in the death of one man and injuries to another man.  Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims contained in his current petition.  The Michigan Court of Appeals affirmed his convictions but remanded for correction of his felony firearm sentence from five years to two years imprisonment.  *People v. Crawford*, No. 310179, 2013 WL 3335105 (Mich. Ct. App. July 2, 2013) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Crawford*, _ Mich. _, 838 N.W.2d 150 (Oct. 28, 2013).  Petitioner dated his federal habeas petition, and the instant motion, on September 2, 2014.

## II.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012).  This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847.  Consequently, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 418-19 (6th Cir. 2009).

2

Petitioner has exhausted state remedies for the sufficiency of the evidence, the addition of the felonious assault charge and validity of the felony firearm sentence claims set forth in his habeas petition, but he has not exhausted state remedies for his claims alleging ineffective assistance of trial and appellate counsel.  A dismissal of this case while Petitioner pursues additional state remedies for the two unexhausted claims could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations for filing a habeas petition.  *See* 28 U.S.C. § 2244(d).  In similar circumstances, some courts have adopted a "stay-and-abeyance" approach.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  Under this approach, a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate pursues state remedies for his or her unexhausted claims.  *Id.*  After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court.  *Id*. at 275-76.

Federal district courts have authority to issue stays, *id*. at 276, and it likely would be an abuse of discretion to deny a stay and to dismiss a petition for failure to exhaust state remedies when the petitioner has good cause for his failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and he is not engaged in intentionally dilatory litigation tactics.  *Id*. 278.  The petitioner's interest in obtaining federal review of his claims in those circumstances "outweighs the competing interests in finality and speedy resolution of federal petitions."  *Id.*

Petitioner seeks a stay so he may return to the state courts to exhaust state remedies for ineffective assistance of trial and appellate counsel.  These claims are not plainly meritless.  Nor does it appear that Petitioner is  engaged in dilatory litigation tactics and, if the Court dismissed the habeas petition, a future petition could be time-barred.

The Court concludes that it would be an abuse of discretion not to stay these proceedings

3

while Petitioner pursues additional state remedies.

Accordingly, IT IS ORDERED that Petitioner's motion to hold his habeas corpus petition in abeyance [#3] is **GRANTED**.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order.  An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies for Petitioner's new claims.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes.  Nothing in this order shall be construed as an adjudication of Petitioner's exhausted claims.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT

Dated: September 22, 2014

4